UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE R. PERRY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JOSEPH BIDEN et al.,<br><br>　　　　　Defendants. | CASE NO. 2:21-cv-01178-TL<br><br>ORDER OF DISMISSAL |

This matter is before the Court *sua sponte*. For the reasons explained below, the case is DISMISSED without prejudice.

I.  **BACKGROUND**

Plaintiff filed the Complaint (Dkt. No. 5) on September 2, 2021. Summons were issued later that day. Dkt. No. 6. No certificates of service on Defendants have been filed since then, and Plaintiff has not moved for an extension of service or taken any other action. On December 7, 2021, the Court issued an Order to Show Cause (Dkt. No. 7) ordering Plaintiff to show, by December 29, 2021, why this action should not be dismissed without prejudice for her failure to

ORDER OF DISMISSAL - 1

pursue her action. The December 7th order was sent to Plaintiff *via* USPS mail. Plaintiff did not respond, and there has been no activity in this case by the parties.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 4(m), a plaintiff ordinarily has 90 days after the complaint is filed to serve defendants with the summons and complaint. If the plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court may also dismiss a case for "failure to prosecute"—that is, when a plaintiff has failed to litigate diligently in the case she has brought before the Court. *See, e.g.*, Fed. R. Civ. P. 41(b); *Amazon.com, Inc. v. Wong*, 2021 WL 4948161, at *1 (W.D. Wash. Oct. 25, 2021) ("Federal Rule of Civil Procedure 41(b) allows the court, on its own motion, to dismiss a plaintiff's action with prejudice for failure to comply with the Rules or for want of prosecution."). Finally, the Court may dismiss an action for failure to meet the terms of a court order, especially where the party was previously warned that failure to comply with the order would result in dismissal. *See, e.g.*, *Wilson v. Shinn*, 2022 WL 576399, at *1 (9th Cir. Feb. 25, 2022) (affirming district court's dismissal where plaintiff had failed to respond on time to a court order to amend the complaint).

Here, Plaintiff has had over six months in which to pursue her case but has taken no actions to do so after filing her Complaint. *See* Fed. R. Civ. P. 41(b). Specifically, Plaintiff has not filed any proofs of service or sought an extension of time for service, and so she has exceeded her 90-day time limit to serve Defendants. *See* Fed. R. Civ. P. 4(m). Plaintiff has also failed to respond to the Court's order, which ordered Plaintiff to explain by December 29, 2021 why this case should not be dismissed for Plaintiff's failure to prosecute, and thereby provided a clear warning that the case would be dismissed without Plaintiff taking timely and appropriate

ORDER OF DISMISSAL - 2

action. *See* Dkt. No. 7. It is over two months past that deadline, and Plaintiff has failed to file any response. Therefore, the case is ripe for dismissal under the different bases listed above.

Accordingly, the Court DISMISSES this case without prejudice for Plaintiff's failure to timely serve Defendants, failure to prosecute, and failure to comply with the Court's prior order to show cause why the case should not be dismissed.

**III.   CONCLUSION**

Based on the foregoing, this case is DISMISSED without prejudice. The Clerk is DIRECTED to close the case.

The Clerk is DIRECTED to mail a copy of this Order to Plaintiff by mail, return receipt requested, and by email, as listed in the Complaint (Dkt. No. 5, at 1).

IT IS SO ORDERED.

Dated this 8th day of March 2022.

Tana Lin
United States District Judge